# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-01230-COA

**TIMMY DAVIS A/K/A LIL TIMMY A/K/A LIL TIMM A/K/A TIMMIE DAVIS A/K/A TIMMY LEVELLE DAVIS**                                    APPELLANT

v.

**STATE OF MISSISSIPPI**                                    APPELLEE

DATE OF JUDGMENT:                09/25/2013
TRIAL JUDGE:                          HON. CHARLES E. WEBSTER
COURT FROM WHICH APPEALED:       TUNICA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          OFFICE OF STATE PUBLIC DEFENDER
                                 BY: W. DANIEL HINCHCLIFF
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: BARBARA WAKELAND BYRD
DISTRICT ATTORNEY:               BRENDA FAY MITCHELL
NATURE OF THE CASE:              CRIMINAL - FELONY
TRIAL COURT DISPOSITION:         CONVICTED OF ARMED ROBBERY AND
                                 SENTENCED TO TWENTY YEARS, WITH
                                 FIVE YEARS SUSPENDED AND FIFTEEN
                                 YEARS TO SERVE IN THE CUSTODY OF
                                 THE MISSISSIPPI DEPARTMENT OF
                                 CORRECTIONS, AND TO PAY $500 TO THE
                                 CRIME VICTIMS COMPENSATION FUND
                                 AND RESTITUTION TO THE VICTIM
DISPOSITION:                     AFFIRMED - 04/26/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND ISHEE, JJ.**

**LEE, C.J., FOR THE COURT:**

## PROCEDURAL HISTORY

¶1.     Timmy Davis (Davis) was convicted of armed robbery and sentenced to twenty years,

with five years suspended and fifteen years to serve in the custody of the Mississippi Department of Corrections.

¶2.    Davis is represented by the Indigent Appeals Division of the Office of State Public Defender. Davis's appellate counsel filed a brief with this Court pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), stating no arguable issues existed for appeal. Davis's appellate attorney also confirmed that he sent a copy of his brief to Davis, along with correspondence informing Davis that he found no arguable issues in the record to raise as error, and that Davis had a right to file a pro se brief to raise any perceived errors. Davis's appellate counsel requested that Davis receive a forty-day extension of time to file a pro se supplemental brief. We granted the motion and gave Davis forty days from the entry of the order, June 10, 2015, to file a pro se brief. Davis has failed to file a pro se brief. Upon review, we find no error and affirm.

## FACTS

¶3.    This case concerns a controlled drug buy, where a confidential information (CI) was wired, given $40, and sent to buy narcotics. The CI encountered Davis and Melvin Davis (Melvin).[1] Davis left and returned with drugs. The CI stated that Melvin pointed a gun at him, and Davis told the CI to hand over his wallet. The CI gave the two men his wallet and the $40. Tunica County Sheriff's Department deputies, who had been observing the buy from a distance, drove to the scene. Davis, Melvin, and another man fled the scene. Davis ultimately turned himself in to the authorities.

---

[1] Timmy Davis and Melvin Davis are cousins.

**DISCUSSION**

¶4.    In *Lindsey*, the Mississippi Supreme Court set forth the process to follow when appellate counsel for an indigent criminal defendant concludes no arguable issues exist on appeal.  *Id*. at 748 (¶18).  Specifically, the *Lindsey* court stated:

> (1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-(4), (7); *see also* [*Smith v.*] *Robbins*, 528 U.S. [259,] 280-81 [(2000)] (stating that "counsel's summary of the case's procedural and factual history, with citations of the record, both ensures that a trained legal eye has searched the record for arguable issues and assists the reviewing court in its own evaluation of the case.").

> (2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

> (3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

> (4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

> (5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Lindsey*, 939 So. 2d at 748 (¶18) (internal citations and footnotes omitted).

¶5.    Here, Davis's attorney indicated he diligently and thoroughly scoured the record, searching for any arguable issues that could be presented in good faith on appeal, but he

3

found none. Davis's attorney asserted that he specifically examined: (1) the reason for Davis's arrest and the surrounding circumstances; (2) any possible violation of Davis's right to counsel; (3) the entire trial transcript; (4) all rulings of the trial court; (5) possible prosecutorial misconduct; (6) all jury instructions; (7) all exhibits, whether admitted into evidence or not; (8) possible misrepresentation of the law in sentencing; (9) the indictment and all pleadings in the record; (10) any possible ineffective-assistance-of-counsel issues; (11) any speedy-trial issues; and (12) any other possible reviewable issues.

¶6.     As previously stated, Davis's attorney also confirmed that he sent a copy of the brief to Davis and informed Davis of his right to file a pro se brief. Davis's appellate counsel requested and was granted an extension for Davis to file a pro se brief. Davis did not file a pro se brief. And we do not find the circumstances warrant supplemental briefing on any issue. Therefore, all that remains is our consideration of Davis's case on the merits. After an independent review of the record, we agree with Davis's appellate counsel that no reversible error occurred. We affirm Davis's conviction and sentence.

¶7.     **THE JUDGMENT OF THE TUNICA COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF TWENTY YEARS, WITH FIVE YEARS SUSPENDED AND FIFTEEN YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND TO PAY $500 TO THE CRIME VICTIMS COMPENSATION FUND AND RESTITUTION TO THE VICTIM, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TUNICA COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**